UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

David N. Crapo, Esq.
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-4545
E-mail: dcrapo@gibbonslaw.com
*Attorneys for Debtor*

**Order Filed on June 26, 2018 by**
**Clerk U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **AMG INTERNATIONAL, INC.,** | Case No.  17-25816-JKS |
| **Debtor.**[1] | |

## <u>FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING</u>
## <u>DEBTOR'S PLAN OF REORGANIZATION</u>

The relief set forth on the following pages, numbered two (2) through twenty-seven (27),

is hereby ORDERED.

**DATED: June 26, 2018**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification number is AMG International, Inc. (7839).  The Debtor's service address is:  71 Walsh Drive, Parsippany, NJ 07054.

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

**THIS MATTER** came before the Court on June 19, 2018 at 2:30 p.m. upon the scheduled hearing ("**Confirmation Hearing**")[2] to consider confirmation of the Debtor's *Plan of Reorganization* [ECF No. 294-1] and the Court, (a) having reviewed the file, (b) having considered the *Certification of Balloting* filed by counsel for the Debtor [ECF No.   ], (c) having considered the presentation of counsel and any proffered testimony, which was uncontroverted, and (d) based on the entire record of the Confirmation Hearing, the Court does make and issues the following Findings of Fact, Conclusions of Law, and Order:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      The Court has jurisdiction over these Chapter 11 proceedings pursuant to 28 U.S.C. §§ 157(a) and (b), and 1334(a).

B.      Venue of this Chapter 11 proceeding in this District is proper in accordance with 28 U.S.C. §§1408 and 1409.

C.      The Court's consideration of the Plan is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

D.      On August 3, 2017 (the "**Petition Date**"), AMG International, Inc. (the "**Debtor**") commenced this Chapter 11 proceeding by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Case**").

---

[2] Unless defined herein, defined terms shall have the meanings ascribed to such terms in the Plan.

2615570.2   114753-95692

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

E.      The Debtor is a corporation incorporated under the laws of the State of Delaware. The Debtor properly qualifies and, therefore, is eligible to be a debtor under Chapter 11 consistent with the provisions of 11 U.S.C. § 109(d).

F.      From and after the Petition Date, the Debtor has operated its business and remained in possession of its assets as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

G.      On April 30, 2018, the Debtor filed its *Plan of Reorganization* [ECF No. 252] (the "**April 30 Plan**"), and on May 2, 2018, its *Disclosure Statement for Plan of Reorganization* [ECF No. 256] (the "**May 2 Disclosure Statement**").

H.      On May 14, 2018, the Debtor filed its *Notice of Filing (A) Redlined and Clean Disclosure Statement; (B) Redlined and Clean Plan of Reorganization; and (C) Proposed Form of Letter By Official Committee of Unsecured Creditors In Support of Confirmation* [ECF No. 281] (the "**May 14 Notice**").  The "clean" Disclosure Statement was attached to the Notice as Exhibit A2 (the "**May 14 Disclosure Statement**"), and the "clean Plan of Reorganization was attached to the Notice as Exhibit "B2" (the "**May 14 Plan**").

I.      On May 15, 2018, the Court conducted a hearing to consider approval of the May 2 Disclosure Statement, as modified by the May 14 Disclosure Statement (the "**Disclosure Statement Hearing**").  At the conclusion of the Disclosure Statement Hearing, the Court approved the May 2 Disclosure Statement, as modified by the May 14 Disclosure Statement.

2615570.2   114753-95692

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

J.    On May 15, 2018, the Court entered the *Order: (I) Approving Disclosure Statement; (II) Setting Hearing on Confirmation of Debtor's Plan of Reorganization; (III) Fixing Deadline for Filing Acceptances or Rejections of the Plan of Reorganization; (IV) Fixing Time for Filing Objections to Confirmation of the Plan; (V) Establishing Procedures for Providing Notice of (a) Confirmation hearing, (b) Deadline for Filing Acceptances or Rejections of the Plan; and (c) Deadline for Filing Confirmation Objections; [and] (VI) Establishing Deadlines for Filing Fee Applications and Requests for Administrative Claims* (the "**Disclosure Statement Order**").    Among other things, the Disclosure Statement Order (a) approved the May 2 Disclosure Statement, as amended by the May 14 Disclosure Statement, (b) scheduled the Confirmation Hearing to consider approval of the April 30 Plan of Reorganization, as amended by the May 14 Plan of Reorganization, and (c) approved the form of the Proposed Form of Letter By Official Committee of Unsecured Creditors In Support of Confirmation (the "**Committee Support Letter**").

K.    On May 16, 2018, the Debtor filed the *Notice of Filing Executed Versions of the Debtor's Plan of Reorganization and Disclosure Statement* (the "**May 16 Notice**").    Attached to the May 16 Notice were fully executed versions of (a) the Plan of Reorganization (the April 30 Plan of Reorganization, as amended by the May 14 Plan) [ECF No. 294-1] (the "**Plan**"), and (b) the Disclosure Statement (the May 2 Disclosure Statement, as amended by the May 14 Disclosure Statement approved by the Court in accordance with the Disclosure Statement Order) [ECF No. 294-2] (the "**Disclosure Statement**").

2615570.2   114753-95692

| Debtor: | AMG International, Inc. |
|---|---|
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

L.      Accordingly, the Confirmation Hearing was conducted to consider approval of the Plan.

M.      On May 17, 2018, the Debtor served, by United States Mail, copies of the Disclosure Statement Order, the Committee Support Letter, the Plan, the Disclosure Statement, and appropriate forms of ballots on all required parties (*See Certification of Service* [ECF No. 301]).

N.      On June19, 2018, the Debtor filed the *Modifications to Plan of Reorganization* [ECF No. 328] (the "**Filed Modifications**"), which (a) modified the definitions of "Insiders" and "Insider and Affiliate Actions", and (b) modified Section 8.02 dealing with conditions to the Effective Date of the Plan subject, however, to the Oral Modifications set forth below.

O.      During the Confirmation Hearing, the Debtor agreed to further modify the Plan to provide as follows (the **"Oral Modifications"** and, together with the Filed Modifications, the "**Modifications**"):

(i)      Section 2.01A is modified to reflect the stipulation announced at the Confirmation Hearing regarding the payment of Professional Fee and Expense Claims.  Specifically, in addition to the amounts paid to Seese, P.A., Gibbons, P.C. and Rabinowitz, Lubetkin & Tully, LLC during the Case, (x) Seese, P.A. has agreed to accept an additional payment in the amount of $65,000.00 in full satisfaction of fees and costs for services performed during the Case; (y) Gibbons, P.C. has agreed to accept an

5

| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

additional payment in the amount of $39,000.00 in full satisfaction of fees and costs for services performed during the Case; and (z) Rabinowitz, Lubetkin & Tully, LLC has agreed to accept an additional payment in the amount of $65,000.00 in full satisfaction of fees and costs for services performed during the Case through the Effective Date. The foregoing payments shall be paid Pro Rata as follows (x) $75,000.00 on June 30, 2018, (y) $75,000.00 no later than July 15, 2018, and (z) $19,000.00 no later than the Effective Date of the Plan. In order to induce Seese, P.A., Gibbons, P.C. and Rabinowitz, Lubetkin & Tully, LLC to cap their fees as set forth above, France Sport, S.A. has agreed to guarantee payment of the foregoing amounts.

(ii)     Sections 2.03 and 11.06 of the Plan are modified to provide that the Debtor shall pay the United States Trustee the appropriate sum pursuant to 28 U.S.C. § 1930(a)(6) based on disbursements made by the Debtor through Confirmation, and the Reorganized Debtor shall file post-Confirmation reports and pay the United States Trustee the appropriate sum pursuant to 28 U.S.C. § 1930(a)(6) based on disbursements made by the Reorganized Debtor following the Effective Date unless otherwise agreed to by the Office of the United States Trustee. Moreover, the Plan Administrator shall prepare and file affidavits of disbursements and pay

6

Debtor:            AMG International, Inc.
Case No.:          17-25816-JKS
Caption of Order:  Findings of Fact, Conclusions of Law, and Order Confirming Debtor's
                   Plan of Reorganization

---

the United States Trustee the appropriate sum pursuant to 28 U.S.C. § 1930(a)(6) based on disbursements made by the Plan Administrator (excluding, however, the France Sport Payment) following the Effective Date;

(iii)   Section 7.11 and Section 10.06 of the Plan are modified to provide that the Plan Administrator shall not be required to seek approval of the Court with respect to the compromise and/or settlement of any objection to Claim or of any Action;

(iv)   Section 8.02 of the Plan is modified to provide that the only condition precedent to the Effective Date of the Plan shall be that the Confirmation Order shall have been entered and shall be a Final Order (with no modification or amendment thereof), and there shall be no stay or injunction that would prevent the occurrence of the Effective Date;

(v)   Section 10.04 of the Plan is clarified to reflect that the channeling injunction shall not release any third party who may be liable for all or a part of any Claim against the Debtor;

(vi)   Section 10.06(d) of the Plan is modified to provide as follows:

(d) perform any other duties as may be set forth in the Trust Agreement; and

2615570.2   114753-95692

Debtor:                AMG International, Inc.
Case No.:              17-25816-JKS
Caption of Order:      Findings of Fact, Conclusions of Law, and Order Confirming Debtor's
                       Plan of Reorganization

---

(vii)   Section 10.08 of the Plan is modified to provide that the Plan Administrator may retain his Professionals without the need for Court authority, and the Plan Administrator and his or her retained Professionals shall not be obligated to file applications for allowance of compensation and reimbursement of expenses, unless otherwise requested by the Office of the United States Trustee.

P.     The Plan, as modified by the Modifications, meets the requirements of 11 U.S.C. §§ 1122 and 1123.  Accordingly, the Plan does not require additional disclosure under 11 U.S.C. § 1125 or re-solicitation of votes under 11 U.S.C. § 1126.  In accordance with 11 U.S.C. § 1127 and Bankruptcy Rule 3019, all holders of Claims or Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan. No holder of a Claim or Interest shall be permitted to change its vote as a consequence of the Modifications, unless otherwise agreed to by the holder of the Claim or Interest and the Debtor. The Plan, as amended or modified by the Modifications, shall constitute the Plan submitted for Confirmation.[3]

Q.     On June 18, 2018, the Debtor filed the *Trust Agreement* (the "**Trust Agreement**") which shall govern the AMG Trust to be established in accordance with Article X of the Plan. Additionally, on June18, 2018, the Official Committee of Unsecured Creditors filed the *Notice of*

---

[3] When used hereafter, the term "Plan" shall mean the Plan as amended or modified by the Modification.

2615570.2   114753-95692

| Debtor: | AMG International, Inc. |
|---|---|
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

*Selection of Plan Administrator*, in which the Committee identified the Plan Administrator to serve in accordance with Article X of the Plan and the Trust Agreement.

R.      Pursuant to the Disclosure Statement Order, the Confirmation Hearing was scheduled for June 19, 2018 at 2:30 p.m.

S.      Pursuant to the Disclosure Statement Order, the deadline to object to Confirmation was June 12, 2018.   On June 12, 2018, the United States Trustee timely filed the *Limited Objection of the United States Trustee to Confirmation of the Debtor's Plan of Reorganization* [ECF No. 313] (the "**Limited Objection**").   The Court was advised that the Limited Objection has been resolved by the Modifications.

T.      Pursuant to the Disclosure Statement Order, the deadline to file Ballots was June 12, 2018 (the "**Ballot Deadline**").

U.      On June 15, 2018, the Debtor filed the *Certification of Balloting* [ECF No.  ] (the "**Ballot Certification**").

V.      Pursuant to the Ballot Certification, a total of 9 ballots were filed on or before the Ballot Deadline.   Two (2) ballots were filed after the Ballot Deadline by France Sport, S.A. (Class 2) and Award Investment & Development, Inc. (Class 5) with the Debtor's consent.

W.      The Ballot Certification was compiled in connection with the Plan.   Counsel for the Debtor advised the Court that: (a) Classes 1 and 3 are Unimpaired under the Plan and, therefore, would have been deemed to have voted in support of the Plan; (b) Classes 2, 4, and 5 are Impaired under the Plan.   Classes 2, 4, and 5 voted in support of confirmation of the Plan.

9

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

X.      Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with 11 U.S.C. §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations.    Specifically, the Disclosure Statement, the Plan, Ballots, the Disclosure Statement Order, and the Committee Support Letter were transmitted to and served on all holders of Claims or Interests in Classes that were entitled to vote to accept or reject the Plan, as well as to other parties in interest in the Case, in compliance with 11 U.S.C. § 1125, the Disclosure Statement Order, and the Bankruptcy Rules. Such transmittal and service were adequate and sufficient, and no further notice is or shall be required.

Y.      The Debtor proffered the testimony of Mr. Jean-Francois Lefebvre in support of Confirmation of the Plan. The proffered testimony was uncontroverted and received into evidence in support of Confirmation of the Plan.

Z.      The Plan is dated and identifies the Proponent, thereby satisfying Bankruptcy Rule 3016(a).   The filing of the Disclosure Statement with the Clerk of the Court satisfied Bankruptcy Rule 3016(b).

AA.      The Plan complies with the following provisions of 11 U.S.C. § 1123:

(a)      11 U.S.C. § 1123(a)(1):  The Plan properly designates and classifies Claims and Equity Interests.  Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Equity Interests created under the Plan, the classifications

2615570.2   114753-95692

| Debtor: | AMG International, Inc. |
|---|---|
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

were not made for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Equity Interests;

(b)    11 U.S.C. § 1123(a)(2):  The Plan specifies any Claims that are not Impaired;

(c)    11 U.S.C. § 1123(a)(3):  The Plan specifies any Claims that are Impaired;

(d)    11 U.S.C. § 1123(a)(4):  The Plan provides for the same treatment for each Claim or Equity Interest in each Class;

(e)    11 U.S.C. § 1123(a)(5): The Plan provides for adequate means of implementation. More specifically, the Plan provides for: (i) the allowance and disallowance of claims; (ii) specified distribution mechanisms and procedures; and (iii) the post-confirmation retention of jurisdiction by this Court as necessary in connection with the implementation and consummation of the Plan.  Moreover, Distributions under the Plan will be funded with the estate's cash on hand and the France Sport Payment;

(f)    11 U.S.C. § 1123(a)(6):  The Plan does not provide for the issuance of non-voting securities;

(g)    11 U.S.C. § 1123(a)(7):  The Plan contains provisions regarding corporate governance consistent with public policy, including the officers and directors to serve post-Confirmation, as well as the compensation to be paid to Jean-Francoise Lefebvre; and

(h)    11 U.S.C. § 1123(a)(8):  Section 1123(a)(8) does not apply to the Debtor.

BB.    The Plan complies with all applicable provisions of 11 U.S.C. § 1129 as follows:

(a)    11 U.S.C. § 1129(a)(1):  The Plan complies with the applicable provisions of Title

2615570.2   114753-95692

Debtor:            AMG International, Inc.
Case No.:          17-25816-JKS
Caption of Order:  Findings of Fact, Conclusions of Law, and Order Confirming Debtor's
                   Plan of Reorganization

---

11 of the United States Code, including, without limitation, 11 U.S.C. §§ 1122 and 1123;

(b)      **11 U.S.C. § 1129(a)(2)**:  The Proponent of the Plan has complied with the applicable provisions of Title 11 of the United States Code.   The Proponent and its representatives, shareholders, officers, directors, employees, advisors, attorneys, and agents, as applicable, have solicited and tabulated votes on the Plan and have participated in the activities described in 11 U.S.C. § 1125 fairly, in good faith within the meaning of 11 U.S.C. § 1125(e), and in a manner consistent with the applicable provisions of the Disclosure Statement Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations, and are entitled to the protections afforded by 11 U.S.C. § 1125(e) and the exculpation provisions set forth in Article XI of the Plan.  The Proponent and its representatives, shareholders, officers, directors, employees, advisors, attorneys, and agents, as applicable, have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan, or such Distributions made pursuant to the Plan;

(c)      **11 U.S.C. § 1129(a)(3)**:  The Plan has been proposed in good-faith and not by any means forbidden by law;

(d)      **11 U.S.C. § 1129(a)(4)**:  No securities are being issued under the Plan;

(e)      **11 U.S.C. § 1129(a)(5)**:  The Plan discloses the officers and directors to serve on

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

behalf of the Reorganization Debtor and any compensation to be paid;

(f)     11 U.S.C. § 1129(a)(6):  There are no rates applicable to the Debtor;

(g)     11 U.S.C. § 1129(a)(7):  Each Impaired Class of Claims and Equity Interests has either accepted the Plan or each holder of a Claim or Interest in such Class will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 on such date and, therefore, the Plan satisfies the "best interests of creditors test" set forth in 11 U.S.C. § 1129(a)(7).  The Liquidation Analysis attached as Exhibit "C" to the Disclosure Statement evidences that a Chapter 7 would yield less returns to creditors than currently provided for under the Plan;

(h)     11 U.S.C. § 1129(a)(8):  Each Class of Claims and Equity Interests has accepted the Plan, is not Impaired, or the Plan complies with 11 U.S.C. § 1129(b) with respect to each Impaired Class of Claims or Equity Interests that has not accepted the Plan.  The Plan does not discriminate unfairly and is fair and equitable with respect to such Classes.   The Class 1 and Class 3 Claims are Unimpaired under the Plan and, therefore, are deemed to have accepted the Plan.  Classes 2, 4, and 5 are Impaired and voted in support of Confirmation of the Plan.

(i)     11 U.S.C. § 1129(a)(9):  The Plan provides for payment in full in Cash of each Allowed Administrative Claim (unless such holder agrees to less favorable treatment) and further provides for payment in full of any Priority Tax Claim;

(j)     11 U.S.C. § 1129(a)(10):  At least one Class of Claims that is Impaired under the

| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

Plan has accepted the Plan without including the votes of Insiders.  Class 4 is Impaired and has accepted the Plan without including the votes of Insiders;

(k)      11 U.S.C. § 1129(a)(11):  The Debtor projects sufficient funds available to meet its obligations under the Plan and, therefore, the Proponent has demonstrated a reasonable probability of success, thus satisfying the requirements of 11 U.S.C. § 1129(a)(11);

(l)      11 U.S.C. § 1129(a)(12):  The Plan provides for payment in full of any fees pursuant to 28 U.S.C. §1930 as of the Effective Date and for payment thereafter pending entry of a final decree and order closing the Case;

(m)      11 U.S.C. § 1129(a)(13):  The Debtor does not provide retiree benefits;

(n)      11 U.S.C. § 1129(a)(14):  The Debtor is not obligated on any domestic support obligation;

(o)      11 U.S.C. § 1129(a)(15): Section 1129(a)(15) does not apply to the Debtor;

(p)      11 U.S.C. § 1129(a)(16):  Section 1129(a)(16) does not apply to the Debtor;

2615570.2   114753-95692

Debtor:             AMG International, Inc.
Case No.:           17-25816-JKS
Caption of Order:   Findings of Fact, Conclusions of Law, and Order Confirming Debtor's
                    Plan of Reorganization

---

(q)     <u>11 U.S.C. § 1129(b)</u>:    The Plan complies with all provisions of section 1129 of the Code.  Otherwise, the Plan is fair and equitable with respect to all Allowed Classes of Claims and Interests.  Classes 2, 4, and 5 support Confirmation of the Plan.

(r)     <u>11 U.S.C. § 1129(c)</u>:  The Plan is the only plan considered and confirmed by the Court; and

(s)     <u>11 U.S.C. § 1129(d)</u>:  The principal purpose of the Plan is not the avoidance of taxes or the application of section 5 of the Securities Act of 1933.

(t)     <u>11 U.S.C. § 1129(e)</u>.  This section is not applicable to the Debtor.

CC.    Each of the discharge, release, injunction, and exculpation provisions set forth in the Plan: (a) is within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) is an essential means of implementing the Plan pursuant to 11 U.S.C. §1123(a)(6); (c) is an integral element of the transactions incorporated into the Plan; (d) confers material benefits on, and is in the best interests of, the Debtor, the Estate, and creditors; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties-in-interest in the Case with respect to the Debtor; and (f) is consistent with 11 U.S.C. §§105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.  The record of the Confirmation Hearing and the Case is sufficient to support the discharge, release, exculpation, and injunction provisions contained in the Plan.

DD.    Section 7.09 of the Plan appropriately provides for the preservation by the Debtor of Actions (and the Plan Administrator as the case may be) in accordance with 11 U.S.C. §

2615570.2  114753-95692

| Debtor: | AMG International, Inc. |
|---|---|
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

1123(b)(3)(B).  The provisions regarding Actions in the Plan are appropriate and are in the best interests of the Debtor, the Estate, and Holders of Claims and Interests.

EE.   Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in 11 U.S.C. § 1129.

FF.   The Proponent and its agents (and their respective shareholders, officers, directors, agents, financial advisers, attorneys, employees, partners, affiliates, and representatives), as applicable, have acted in good faith throughout the Case.  In addition, they will be deemed to have continued to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

GG.   Pursuant to 11 U.S.C. § 363, Bankruptcy Rule 9019, and any applicable laws, and as consideration for the distributions and other benefits provided under the Plan, all settlements and compromises of Claims and Interests embodied therein constitute good faith compromises and settlements of Claims and Interests, and such compromises and settlements are fair, equitable, reasonable, appropriate in light of the relevant facts and circumstances underlying such compromise and settlement, and are in the best interests of the Debtor, the Estate, and holders of Claims and Interests.

HH.   All transfers of property of the Estate shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan.  Pursuant to 11 U.S.C. §§ 1141(b) and (c), all property of the Debtor shall vest in the Reorganized Debtor

Debtor:           AMG International, Inc.
Case No.:         17-25816-JKS
Caption of Order: Findings of Fact, Conclusions of Law, and Order Confirming Debtor's
                  Plan of Reorganization

---

free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan. Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

**ORDER:**

**BASED ON THE FOREGOING FINDINGS OF FACT, AND THE ENTIRE RECORD OF THE CONFIRMATION HEARING, IT IS ORDERED** as follows**:**

1.      The Plan is approved and confirmed pursuant to 11 U.S.C. § 1129(a).

2.      To the extent that any objections, reservations of rights, requests, statements, or joinders to Confirmation, including in connection with the designation of votes pursuant to 11 U.S.C. § 1126(e), have not been withdrawn, waived, or settled prior to entry of the Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are overruled on the merits.

3.      The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

4.      This Confirmation Order confirms the Plan and each of the provisions in each and every respect pursuant to 11 U.S.C. § 1129. The Debtor is authorized to take any and all actions necessary to implement the Plan. Once finalized and executed, any and all other documents

2615570.2   114753-95692

| Debtor: | AMG International, Inc. |
|---|---|
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, and enforceable in accordance with their terms.

5.      The terms of the Plan and any exhibits thereto are incorporated by reference into, and are an integral part of, this Confirmation Order.  The terms of the Plan, any exhibits thereto, and all other relevant and necessary documents, shall be effective and binding as of the Effective Date of the Plan.

6.      The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the Distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the holders of Claims or Interests in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes; and (d) shall not be binding on the Debtor and Reorganized Debtor except for voting purposes.

7.      The following release, injunction, exculpation, discharge, and related provisions set forth in Article VII and XI of the Plan, as modified by the following if inconsistent with the Plan, are approved and authorized in their entirety:

**(a)      7.12     Discharge of Debtor**

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

*To the fullest extent permitted by applicable law, the rights afforded herein and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtor and the Debtor in Possession, the Estate, or any of the assets or properties under the Plan. Except as otherwise provided herein, (i) on the Effective Date, all such Claims against, and Interests in, the Debtor shall be satisfied, discharged and released in full, and (ii) all Persons shall be precluded and enjoined from asserting against the Reorganized Debtor, the Plan Administrator, AMG Trust, Trust Assets or Property of the Estate any other or further Claims or Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such holder has filed a proof of Claim or Proof of Interest and whether or not such holder has voted to accept or reject the Plan. Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtor and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of the Confirmation Order.*

**(b)    7.13    Injunction Related to Discharge**

*Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against or Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor, the Plan Administrator, the Reorganized Debtor, AMG Trust or Trust Assets on account of any such Claim or Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor, the Plan Administrator, the Reorganized Debtor, AMG Trust or Trust Assets or against the property or interests in property of the Debtor, the Plan Administrator, the Reorganized Debtor, AMG Trust or Trust Assets on account of any such Claim or Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor, the Plan Administrator, the Reorganized Debtor, AMG Trust or Trust Assets or against the property or interests in property of the Debtor, the Plan Administrator, the Reorganized Debtor, AMG Trust or Trust Assets on account of any such Claim or Interest. Such injunctions shall extend to successors and assigns of the Debtor and its respective properties and interests in property.*

2615570.2    114753-95692

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

**(c)    7.14    Injunction Against Interference with the Plan**

*Upon the entry of a Confirmation Order with respect to the Plan, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, shareholders, partners, members or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.*

**(d)    11.04    Exculpation.**

*Subject to the occurrence of the Effective Date, neither the Debtor, the Committee, nor any of their respective officers, directors, shareholders, agents, financial advisors, attorneys, employees, members, holders of Interests, affiliates and representatives (the "Exculpated Parties") shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Case, the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan; provided, however, that the foregoing shall not operate as a waiver or release for (i) any express contractual obligation owing by any such Person, and (ii) willful misconduct or gross negligence, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; provided further that nothing in the Plan shall, or shall be deemed to, release the Exculpated Parties, or exculpate the Exculpated Parties with respect to, their respective obligations or covenants arising pursuant to the Plan; provided further that the foregoing shall not operate as a waiver or release of Claims by governmental entities arising under environmental laws.*

**(e)    11.05    Injunction Relating to Exculpation**

*The Confirmation Order will contain an injunction, effective on the Effective Date, permanently enjoining the commencement or prosecution by the Debtor, the Plan Administrator and any other Person, whether derivatively or otherwise, of any Action or causes of action exculpated, released or discharged pursuant to this Plan against the Exculpated Parties.*

2615570.2   114753-95692

| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

8.      Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Case and the Plan as set forth in Article IX of the Plan.

9.      On the Effective Date, except to the extent otherwise provided in the Plan, all notes, instruments, certificates, and other documents evidencing Claims or Interests shall be cancelled and the obligations of the Debtor or Reorganized Debtor thereunder or in any way related thereto shall be discharged; provided, however, that notwithstanding Confirmation or the occurrence of the Effective Date, any indenture or agreement that governs the rights of the holder of a Claim shall continue in effect solely for purposes of allowing holders to receive Distributions under the Plan.

10.      **Any non-debtor party to any unexpired non-residential lease of real property, personal property or executory contract that is rejected by the Debtor by operation of the Plan shall have thirty (30) days from the date of entry of this Confirmation Order in which to file unsecured rejection claims for damages, if any.**

11.      Pursuant to 11 U.S.C. §1146(a), any transfers of property, or the making or delivery of an instrument, pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and

2615570.2   114753-95692

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

12.     Subject to Article VIII of the Plan and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, and any and all non-debtor parties to executory contracts and unexpired leases with the Debtor as set forth herein.

13.     The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

14.     The France Sport Transaction set forth in Section 7.02 of the Plan is fair and reasonable, is in the best interests of the estate, and otherwise satisfies the standards set forth in *In re: Apex Oil Co.*, 92 B.R. 847 (Bankr.E.D. Mo. 1988), *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), *In re: Hydronic Enterprises, Inc.*, 58 B.R. 363 (Bankr.D.R.I. 1986), and *In re: Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979).  Accordingly, the France Sport Transaction is approved.

2615570.2   114753-95692

| Debtor: | AMG International, Inc. |
|---|---|
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

15.     The failure specifically to include or to refer to any particular article, section, or provision of the Plan or any related document in the Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, and such article, section, or provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan, it being the intent of the Court that the Plan and any related documents be confirmed in their entirety.

16.     Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Florida, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan.

17.     Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to the Confirmation Order, without further application to, or order of the Court, or further action by the respective shareholders, officers and directors of Reorganized Debtor and with the effect that such actions had been taken by unanimous action of such managers or members, as applicable.

18.     The Trust Agreement is approved in its entirety and shall become effective as of the Effective Date of the Plan, at which time the Debtor, Reorganized Debtor, Beneficiaries and Plan Administrator shall be authorized to perform in accordance with the terms and conditions of

2615570.2    114753-95692

| Debtor: | AMG International, Inc. |
|---|---|
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

the Trust Agreement. Ken DeGraw is approved and otherwise authorized to serve as the Plan Administrator in accordance with Article X of the Plan and the Trust Agreement.

19.     Pursuant to 11 U.S.C. § 1142(b) and any comparable provision of the limited liability company laws of any other state, each of the Debtor and the Reorganized Debtor, as applicable, is authorized and empowered to take such actions and to perform such acts as may be necessary, desirable or appropriate to comply with or implement the Plan, and any other documents as contemplated in the Plan, and all documents, instruments, and agreements related thereto and all annexes, exhibits, and schedules appended thereto, and the obligations thereunder shall constitute legal, valid, binding and authorized obligations of each of the respective parties thereto, enforceable in accordance with their terms without the need for any corporate approval. Further, each of the Debtor and the Reorganized Debtor is authorized and empowered to take such actions, to perform all acts, to make, execute, and deliver all instruments and documents, and to pay all fees and expenses as set forth in the documents relating to the Plan that may be required or necessary for its performance thereunder without the need for any corporate approval.

20.     On the Effective Date, the appropriate managing agents of the Reorganized Debtor are authorized and empowered to issue, execute, and deliver the agreements, documents, and instruments contemplated by the Plan, and any document related thereto, in the name of and on behalf of the Reorganized Debtor.  Subject to the terms of this Confirmation Order, each of the Debtor, the Reorganized Debtor, and the managing agents thereof are authorized to take any

2615570.2  114753-95692

| Debtor: | AMG International, Inc. |
|---|---|
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

such actions without further action or action of the managing agents of the Debtor or the Reorganized Debtor.

21.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to: (a) the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto and (b) any other acts and transactions referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

22.     Subject to certain restrictions and requirements set forth in 11 U.S.C. § 1127 and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Proponents expressly reserve their rights to revoke or withdraw, alter, amend, or modify the Plan, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan.  Any such amendment, modification, or supplement shall be considered a modification of the Plan and shall be made in accordance with Article XI of the Plan.   Entry of the Confirmation Order means that all modifications or amendments to the Plan since the solicitation thereof, including, without limitation, the Modifications, are approved pursuant to 11 U.S.C. § 1127(a) and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

2615570.2   114753-95692

| | |
|---|---|
| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

---

23.     The Modifications are consistent with 11 U.S.C. § 1127(a).  The Plan (as amended or modified by the Modifications) meets the requirements of 11 U.S.C. §§ 1122 and 1123.  The Plan does not require additional disclosure under 11 U.S.C. § 1125 or re-solicitation of votes under 11 U.S.C. § 1126.  The Modifications are approved in their entirety and incorporated herein by reference.

24.     The Consummation of the Plan shall not constitute a change of ownership or change in control, as such terms are used in any statute, regulation, contract, or agreement (including any employment, severance, termination, or insurance agreements) in effect on the Effective Date and to which either of the Debtor is a party or under any applicable law of any applicable Governmental Unit.  Notwithstanding the foregoing, the Debtor and Reorganized Debtor reserve the right to selectively waive this provision.

25.     The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) through Confirmation, and the Reorganized Debtor shall file post-Confirmation reports and pay the United States Trustee the appropriate sum pursuant to 28 U.S.C. § 1930(a)(6) based on disbursements made by the Reorganized Debtor following the Effective Date unless otherwise agreed to by the Office of the United States Trustee. Moreover, the Plan Administrator shall prepare affidavits of disbursements and pay the United States Trustee the appropriate sum pursuant to 28 U.S.C. § 1930(a)(6) based on disbursements made by the Plan Administrator (excluding, however, the France Sport Payment) following the Effective Date.

2615570.2   114753-95692

| Debtor: | AMG International, Inc. |
| Case No.: | 17-25816-JKS |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Plan of Reorganization |

26.     Thirty (30) days following service of notice of this Confirmation Order and the Administrative Claims Bar Deadline shall be the deadline (the "**Deadline**") for filing written requests for allowance of administrative expense claims against the Debtor ("**Administrative Claims**"), other than requests for awards of professional fees and expenses and any fees pursuant to 28 U.S.C. § 1930(a)(6).   Any creditor or party in interest seeking allowance of an Administrative Claim against the Debtor pursuant to sections 503(b), 507(a)(2) and 507(b) shall only be permitted to do so by filing a written motion so that it is received by the Clerk of the Court, United States Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, 4th Floor, Newark, New Jersey 07102, on or before 5:00 p.m. (EDT) on the Deadline. The failure to assert a timely request for an Administrative Claim shall preclude and forever bar any such claimant from asserting a request for an allowance of an Administrative Claim after the Deadline.

27.     On the Effective Date of the Plan, the Official Committee of Unsecured Creditors shall be dissolved.

28.     If there is any direct conflict between the terms of the Plan and the Confirmation Order, the terms of the Confirmation Order shall control.

29.     The Proponent is authorized to consummate the Plan at any time after entry of the Confirmation Order subject to satisfaction or waiver of the conditions precedent set forth in Article VIII of the Plan.

2615570.2   114753-95692